## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| SCANNING TECHNOLOGIES INNOVATIONS LLC § § § Plaintiff, § vs. § § TECOM GROUP, INC. § § Defendant. § _____ § | Case No:<br><br>PATENT CASE |

## ORIGINAL COMPLAINT

Pursuant to F.R.C.P. 15(a)(1)(B), Plaintiff Scanning Technologies Innovations, LLC ("Plaintiff" or "STI") files this Original Complaint against Tecom Group, Inc. ("Defendant" or "Tecom") for infringement of United States Patent No. 10,600,101 (hereinafter "the '101 Patent").

## PARTIES AND JURISDICTION

1.	This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.	Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.	Plaintiff is a Texas limited liability company with its principal office located at 1400 Preston Rd., Plano, TX 75093.

4.	On information and belief, Defendant is a Florida corporation having a place of business at 200 S. Harbor City Blvd., Suite 301, Melbourne, Florida 32901.  On information and

belief, Defendant may be served through its agent, Michael Brewer, at 500 Canal Street, New Smyrna Beach, Florida 32168.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

## VENUE

7. Venue is proper in this District 28 U.S.C. §1400(b) because Defendant is deemed to reside in this district. Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District. For example, Defendant has a regular and established place of business at 200 S. Harbor City Blvd., Suite 301, Melbourne, Florida 32901.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 10,600,101)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '101 Patent with sole rights to enforce the '078 Patent and sue infringers.

11. A copy of the '101 Patent, titled "Systems and Methods for Indicating the Existence of Accessible Information Pertaining to Articles of Commerce," is attached hereto as Exhibit A.

12. The '078 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '101 Patent by making, using, importing, selling, and/or offering for sale barcode inventory system and app covered by one or more claims of the '078 Patent. Defendant has infringed and continues to infringe the '078 Patent directly in violation of 35 U.S.C. § 271.

14. Defendant sells, offers to sell, and/or uses an online ordering system including, without limitation, the HandiFox Barcode Inventory System and app, and any similar products (collectively, "Product"), which infringe at least Claim 1 of the '101 Patent.

15. The Product practices an application (i.e. HandiFox online) for scanning barcode which is present in the product to obtain decoded link which contain information of an article of commerce (e.g., to display information related to ticket when barcode is scanned). An exemplary and non-limiting claim chart evidencing infringement of Claim 1 of the '101 Patent by the Product is attached as Exhibit B and incorporated herein by reference.

16. The Product uses or directs or controls a mobile device comprising a portable handheld housing (e.g., HandiFox online application running on mobile devices) and a communication interface (i.e. cloud based communication interface) configured to enable the mobile device to communicate with a communication network (e.g., cloud network.). See Exhibit B.

17. The Product uses or directs or controls visual input device (e.g., camera for scanning barcode) is affixed within the portable handheld housing (e.g., the housing of mobile device). The mobile device equipped camera is used to a scan barcode via the HandiFox available

for mobile to obtain product details related to particular product. See Exhibit B.

18. The Product can contain digital files (e.g., barcode image files or digital information about the product) associated with the mobile device (e.g., HandiFox mobile app running on mobile devices). See Exhibit B.

19. The Product communicates or directs or controls communication with Defendant's server through cloud communication network, the server comprising look-up table (i.e., product list which is associated with product details). Also, the Defendant's server database contains plurality of barcode in which information about product list is present (i.e., article of commerce) associated with particular Barcode. See Exhibit B.

20. The Product uses or directs or controls the look-up table (i.e., product list database) that stores a plurality of information link indicators (e.g., link indicating validation of scanned barcode details associated with product) and displays information associated with respective barcode. See Exhibit B.

21. The Product uses or directs or controls each information link which is obtained by scanning barcode that indicates the status signal (e.g., link indicating validation of scanned barcode product and details associated with product). Also all the information about the link is retrieved through cloud communication network. See Exhibit B.

22. The Product uses or directs or controls the visual input device (i.e., mobile device camera) to scan image (i.e., barcode) associated with article of commerce (i.e., product details). After scanning barcode, it will be decoded to retrieve information about the product and then it will be forwarded to signal processing device (i.e., processor of mobile device). See Exhibit B.

23. The Product uses or directs or controls the signal processing device (i.e., processor mobile device) to look up the bar code in the look-up table (product list database) to

determine from a respective information link (e.g., link indicating validation of scanned barcode product) for accessing information pertaining to an article of commerce associated with the barcode (i.e., information about the product associated with the barcode) via the communication network (i.e., cloud network). See Exhibit B.

24. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

25. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

26. Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 10,600,101 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: February 5, 2021                              Respectfully submitted,

                                          */s/ Howard L. Wernow*
                                          Howard L. Wernow B.C.S.
                                          Florida Bar No. 107560
                                          Sand, Sebolt & Wernow Co., LPA
                                          4940 Munson Street NW
                                          Aegis Tower - Suite 1100
                                          Canton, OH 44718
                                          Telephone: 330-244-1174
                                          Fax: 330-244-1173
                                          Email: howard.wernow@sswip.com

                                          *Board Certified in Intellectual Property Law*
                                          *By the Florida Bar*

                                          **ATTORNEY FOR PLAINTIFF**